## United States District Court
## Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | SA CR05-11 DOC |
| **Defendant**  TERRENCE KEITH SMITH | Social Security No. | 4  8  5  1 |
| akas: Terrance Smith; Terrence K. Smith; Terry Smith; T.K. Smith | (Last 4 digits) | |

***AMENDED* JUDGMENT AND PROBATION/COMMITMENT ORDER**
***Amended February 21, 2008 after Ex Parte Application to Lower Fine***

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| AUG | 10 | 2006 |

**COUNSEL**  [X] WITH COUNSEL       William Kopeny, Retained
                                                             (Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of:
18 USC 2320: Trafficking in Counterfeit Goods (Counts 1 and 2), Class C Felonies

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted

It is ordered that the defendant shall pay to the United States a special assessment of $200.00, which is due immediately.

**It is ordered that the defendant shall pay to the United States a total fine of $55,000.00, consisting of the following: Count 1, a fine of $27,500.00 and Count 2, a fine of $27,500.00. The total fine shall bear interest as provided by law.**

The fine shall be paid in full no later than sixty days from the date of this judgement.

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Terrence Keith Smith, is hereby committed on Counts 1 and 2 of the 2-Count Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 11 months.

This term consists of 11 months on each of Counts 1 and 2 of the 2-Count Indictment, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years. This term consists of 2 years on each of Counts 1 and 2, all such terms to run concurrently, under the following terms and conditions: (1) The defendant shall comply with the rules and regulations of the U.S. Probation and General Order 318; (2) During the period of community supervision the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment;

| USA vs. | TERRENCE KEITH SMITH | Docket No.: | SA CR05-11 DOC |
|---|---|---|---|

(3) The defendant shall provide the Probation with access to any and all business records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer; (4) The defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office, located at: United States Courthouse, 411 West Fourth Street, Suite 4170, Santa Ana, California 92701-4516; (5) The defendant shall cooperate in the collection of a DNA sample from the defendant; (6) The defendant shall participate in a domestic violence treatment program as directed by the Probation Officer; (7) The defendant shall not possess, have under his control, or have access to any firearm, explosive device or other dangerous weapon, as defined by federal, state or local law; (8) The defendant shall submit his person and property to search or seizure at any time of the day or night by any law enforcement officer with or without a warrant; (9) The defendant shall report to the United States Probation Office within 72 hours after his release from the custody of the Bureau of Prisons; (10) The defendant shall report in person directly to the Court within 21 days after his release from the custody of the Bureau of Prisons at a date and time to be set by the United States Probation Office, and thereafter report in person directly to the Court no more than eight (8) times during his first year of supervised release.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future abuse. However, the defendant shall abstain from using illicit drugs or alcohol and abusing prescription medications during the term of supervision.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons or on before 12:00 noon on October 2, 2006. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: 411 West Fourth Street, Santa Ana, California 92701-4516.

The recommendation for self-surrender is contingent upon the Court having made the requisite findings pursuant to 18 USC 3143(a) (release or detention pending sentence).

Court further orders bond exonerated upon surrender.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 21, 2008 | _/s/ David O. Carter_ |
|---|---|
| Date | David O. Carter, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

| February 21, 2008 | By | Kristee Hopkins |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. | TERRENCE KEITH SMITH | Docket No.: | SA CR05-11 DOC |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs.   TERRENCE KEITH SMITH                                         Docket No.:   SA CR05-11 DOC

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

      As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

      The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

      The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

      These conditions are in addition to any other conditions imposed by this judgment.

| | | | |
|---|---|---|---|
| USA vs. | TERRENCE KEITH SMITH | Docket No.: | SA CR05-11 DOC |

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____  By  _____
Date                    Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____  By  _____
Filed Date            Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____           _____
         Defendant                  Date


_____                    _____
U. S. Probation Officer/Designated Witness      Date